Cheshire
No. 91-393

THE STATE OF NEW HAMPSHIRE

v.

ROBERT J. PAIGE, JR.

September 10, 1992

*John P. Arnold*, attorney general (*Brian R. Graf*, assistant attorney general, on the brief and orally), for the State.

*James E. Duggan*, chief appellate defender, of Concord, by brief and orally, for the defendant.

BROCK, C.J.   The defendant, Robert J. Paige, Jr., appeals the Superior Court's (*Hollman*, J.) denial of his motion to suppress evidence seized from a third party's apartment. The defendant, charged with possession of cocaine, RSA 318-B:26, II(a) (Supp. 1991), was denied standing. We affirm.

On October 24, 1989, the Keene police department obtained a search warrant authorizing a search of Michael Mills' apartment. While executing the warrant on the evening of October 26, 1989, the phone rang and a police detective answered it. When informed that Mills was not present, the caller, defendant Paige, told the detective that he wanted to buy a gram of cocaine. The detective agreed to make the sale to the defendant in the parking lot. When the defendant arrived, he paid the detective $100 and the detective gave the defendant some cocaine which had been previously seized from the apartment. The detective then invited the defendant up to the apartment where he was arrested for possession of cocaine.

Subsequently, Mills' motion to suppress was granted upon the trial court's finding that the warrant lacked probable cause. The defendant, claiming automatic standing, also sought suppression of the evidence against him. Upon denial of his motion, the defendant stipulated to the facts and was convicted.

The issue presented implicates the automatic standing that has been afforded defendants charged with possessory crimes. According to the defendant, because he was charged with possession of cocaine that was seized from Mills' apartment based on an invalid warrant, he has standing to challenge the search. We disagree.

"Standing confers upon an individual the right to challenge unreasonable government conduct." *State v. Sidebotham*, 124 N.H.

682, 686, 474 A.2d 1377, 1379 (1984). The United States Supreme Court first enunciated the automatic standing rule in *Jones v. United States*, 362 U.S. 257 (1960). In *Jones*, the Court held that an individual automatically has standing to assert his fourth amendment right to challenge an allegedly illegal search when the same possession needed to establish standing is an essential element of the offense charged. *Id.* at 263. The Court reasoned that to deny the defendant standing would place him in the untenable position of asserting possession in order to establish standing to object to an allegedly unlawful search, but then having that very testimony used at trial to convict him of the crime. *Id.* at 261–62.

Thereafter, the Court first limited the automatic standing rule in *Brown v. United States*, 411 U.S. 223 (1973), and then implemented a new rule in *Rakas v. Illinois*, 439 U.S. 128, 143 (1979), which limited *Jones* to its facts. *Jones* was ultimately overruled by *United States v. Salvucci*, 448 U.S. 83 (1980), and the federal rule now requires that defendants, charged with crimes of possession, establish that their own fourth amendment rights had been violated by the contested search and seizure by demonstrating that they had a legitimate expectation of privacy in the premises that were searched.

This court has held on occasion that provisions of our State Constitution provide more individual protection than their federal counterparts. *Sidebotham*, 124 N.H. at 686, 474 A.2d at 1379; *State v. Settle*, 122 N.H. 214, 217, 447 A.2d 1284, 1285–86 (1982). When previously invited to abandon the longstanding automatic standing rule in favor of the new federal standard, a majority of this court declined. *Sidebotham*, 124 N.H. at 687, 474 A.2d at 1380; *Settle*, 122 N.H. at 218, 447 A.2d at 1286. Based on a reading of the plain language of the New Hampshire Constitution, we concluded that part I, article 19 "prohibits *all* unreasonable searches and seizures of *all* a citizen's possessions." *Sidebotham*, 124 N.H. at 687, 474 A.2d at 1379. As a result, we determined that persons charged with a crime in which possession of an article or thing is an element should have automatic standing to challenge the legality of a search that results in seizure of evidence to be used in their prosecution. *Id.*

■ We need not revisit our automatic standing doctrine in this case because a basic premise of the rule is that the individual have a possessory interest in the article or thing to be searched or seized. For example, in *Sidebotham*, the defendant left a stolen car at a garage for repairs. The police, acting with the manager's permission, but in the absence of the defendant, searched the car and found that

the car's personal and confidential vehicle identification numbers did not match. *Sidebotham*, 124 N.H. at 684–85, 474 A.2d at 1378. The court granted the defendant standing to challenge the search relying on part I, article 19 of the constitution. *See also Settle*, 122 N.H. at 216–17, 447 A.2d at 1285.

Unlike *Sidebotham*, where the defendant had a possessory interest in the item at the time of the search and seizure, in this case the defendant had no possessory interest in either the cocaine or Mills' apartment, prior to, or at the time of, the search and seizure. This is not a case where the defendant had stored *his* cocaine at Mills' apartment and was merely going to retrieve it that evening. Here the police entered Mills' apartment at 9:50 p.m. and seized the cocaine almost immediately. It was not until approximately 11:30 p.m., when the detective sold the defendant the cocaine, that he obtained a possessory interest in it. Absent any possessory interest in the cocaine prior to, or at the time of, its seizure, the defendant will not be afforded automatic standing. *See Com. v. Amendola*, 406 Mass. 592, 601, 550 N.E.2d 121, 126 (1990) (under State Constitution defendant has automatic standing to contest legality of search and seizure when "charged with a crime in which *possession* of the seized evidence *at the time of the contested search* is an essential element of guilt") (emphasis added).

Furthermore, because the cocaine was seized prior to the time the defendant obtained a possessory interest in it, the fact that the defendant was on the property while the search was still ongoing is irrelevant.

*Affirmed.*

All concurred.